J-S75026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES STEPHON JOHNSON | : | |
| | : | |
| Appellant | : | No. 621 WDA 2017 |

Appeal from the PCRA Order March 24, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0001345-2013

BEFORE:  SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 22, 2018**

Charles Stephon Johnson appeals from the order entered March 24, 2017, in the Erie County Court of Common Pleas denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Johnson seeks relief from the judgment of sentence of an aggregate term of 48 to 96 months' imprisonment, imposed following his non-jury conviction of intimidation of a witness, terroristic threats and simple assault.[2]  On appeal, Johnson contends the PCRA court abused its discretion in denying him relief based upon his contention that trial counsel was ineffective for failing to present a spoliation claim against the Commonwealth.  For the reasons below, we affirm.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] *See* 18 Pa.C.S. §§ 4952(a)(3), 2706(a)(1), and 2701(a)(3).

The facts underlying Johnson's conviction are as follows. In January of 2013, Johnson was involved in a violent bar fight in Erie, Pennsylvania. The bar owner and his girlfriend witnessed the fight, and the events were recorded on the bar's security system. In March of 2013, Johnson returned to the bar, approached the owner and his girlfriend, and demanded they provide him with the videotape of the prior fight. Johnson then proceeded to threaten the victims' lives, stating he would "put a bullet in their heads" and "it would never be safe for them to walk outside[.]" **See Commonwealth v. Johnson**, 120 A.3d 1047 (Pa. Super. 2015) (unpublished memorandum at *1). He also "took a full swing with his hand toward [the female victim's] face and knocked a cigarette out of her mouth." **Id.** The victims called 911, and Johnson was arrested and charged with the aforementioned crimes. Relevant to this appeal, the police report indicated the bar owner would provide surveillance video of the March 2013 incident. However, at trial, the owner testified the camera system was turned off at that time because of a problem with the internet connection. **See** N.T., 11/12/2013, at 18.

Following a non-jury trial on November 11, 2013, Johnson was convicted of all charges. On April 7, 2014, he was sentenced to an aggregate term of 48 to 96 months' imprisonment. His judgment of sentence was affirmed on direct appeal, and the Pennsylvania Supreme Court denied his petition for allowance of appeal. **See Johnson**, **supra**, 120 A.3d 1047 (unpublished memorandum), *appeal denied*, 134 A.3d 55 (Pa. 2016).

On June 16, 2016, Johnson filed a timely, *pro se* PCRA petition asserting the ineffective assistance of trial counsel. PCRA counsel was appointed and filed an amended petition on July 18, 2016, challenging only trial counsel's failure to present a spoliation claim against the Commonwealth based upon its failure to preserve the surveillance videotape from the incident. On February 8, 2017, the PCRA court notified Johnson of its intention to dismiss the petition, pursuant to Pa.R.Crim.P. 907, without first conducting an evidentiary hearing. Thereafter, on March 24, 2017, the court entered a final order dismissing Johnson's petition. This timely appeal followed.[3]

Johnson's sole issue on appeal is trial counsel was ineffective for failing to "have the charges dismissed or to have a spoliation charge based upon the alleged victim's failure to preserve the videotape" of the incident. Johnson's Brief at 3.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, a PCRA court may dismiss a petition "without an evidentiary hearing if there are no genuine

_____

[3] On April 26, 2017, the PCRA court ordered Johnson to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Johnson complied with the court's directive, and filed a concise statement on May 17, 2017. The PCRA court filed an opinion on June 5, 2017, stating its rationale for dismissing Johnson's petition "is fully set forth in the Notice of Intent to Dismiss[.]" PCRA Court Opinion, 6/5/2017, at 2.

issues of material fact and the petitioner is not entitled to relief." ***Id.*** (citations omitted).

With regard to a claim alleging prior counsel's ineffectiveness, we are guided by the following:

> The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera,*** 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. ***Id.*** To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Fulton***, 574 Pa. 282, 830 A.2d 567, 572 (2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 571 Pa. 112, 811 A.2d 994, 1002 (2002).

***Commonwealth v. Smith***, 167 A.3d 782, 787–788 (Pa. Super. 2017).

Here, Johnson acknowledges that because this case involved a non-jury trial, there would have been no need for a spoliation jury charge. ***See*** Johnson's Brief at 5. Nevertheless, he insists:

> [There is] a valid and compelling argument that counsel was ineffective in failing to duly argue that the fact that the videotape was not preserved by the alleged victim [] should have been utilized to compel an adverse inference or presumption that the videotape would have disproved and been contrary to his account of the alleged incident with [Johnson]. As a consequence, the bench trial came down to the credibility of the testimony of the alleged victims versus the credibility of [Johnson] whereas if the videotape footage of the alleged incident had been preserved and subject to admission at trial, there would have been definitive evidence exculpating [Johnson].

Johnson's Brief at 5. Furthermore, Johnson maintains the PCRA court erred in "finding the videotaping system was not in operation" when the police report, made contemporaneously to the crime, indicated the victim would provide surveillance video to the police. *Id.* at 6.

In dismissing the petition, the PCRA court found Johnson failed to demonstrate his ineffectiveness claim had arguable merit. Indeed, the court found the "uncontroverted trial testimony established there was no videotape of the incident." Notice of Intent to Dismiss, 2/9/2017, at 4. In support, the court cited the victim/bar owner's trial testimony, explaining that although he initially believed the surveillance system was operating, he later learned the system was off due to an internet connection issue. *See id.*, *citing* N.T., 11/12/2013, at 17-20, 30.

We conclude the record supports the PCRA court's findings. Indeed, at trial, defense counsel cross-examined the testifying police officer concerning the discrepancy in the police report regarding the existence of surveillance video. *See* N.T., 11/12/2013, at 44-46. Specifically, counsel pointed out the police report indicated "there was video [of the incident] and [the victim] would be able to copy the video and provide it to the officers once the video was complete[.]" *Id.* at 45. Under questioning, the officer was unable to provide any explanation for the discrepancy. *See id.* However, the trial court, as fact finder, was permitted to resolve this credibility dispute, and did so, in favor of the victim. *See Commonwealth v. Storey*, 167 A.3d 750,

757 (Pa. Super. 2017) ("[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.") (quotation omitted).

Furthermore, we also agree with the PCRA court's conclusion that Johnson's claim, alleging trial counsel failed to request the court draw an adverse inference from the absence of the video, is belied by the record. *See* Notice of Intent to Dismiss, 2/9/2017, at 4. Indeed, trial counsel emphasized during his closing remarks that although the victim testified there was no surveillance video of the incident, the police report contradicted that claim. *See* N.T., 11/12/2013, at 83. Counsel asserted the defense was at a "disadvantage" without the recording,[4] and argued:

> I submit to the Court that, you know, basically for that reason the Court should basically hold that against the Commonwealth, because they were the ones who would be in control of that [evidence] and this is the first that we're notified that says that there was a problem with the machine. It's not in any reports, it's not been brought forth to us at any point.

*Id.* at 84. The PCRA court characterized this argument as a request the trial court draw an adverse inference from the absence of the surveillance video, and we agree. *See* Notice of Intent to Dismiss, 2/9/2017, at 5. Therefore, Johnson is entitled to no relief.

_____

[4] N.T., 11/12/2013, at 83.

Accordingly, because we conclude Johnson failed to establish his ineffectiveness claim had any arguable merit, we find no error or abuse of discretion on the part of the PCRA court in denying his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2018