J-A29018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANKLIN D. LONG | : | |
| | : | |
| Appellant | : | No. 3214 EDA 2017 |

Appeal from the Judgment of Sentence March 16, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002941-2016

BEFORE: OTT, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                                   **FILED JUNE 26, 2019**

Appellant, Franklin D. Long, appeals from the March 16, 2017 Judgment

of Sentence entered in the Delaware County Court of Common Pleas following

his jury conviction of two counts of Involuntary Deviate Sexual Intercourse

with a Child ("IDSI") and one count of Indecent Assault of a Person Less than

13 Years of Age.[1]  After careful review, we affirm Appellant's convictions, but

vacate his Judgment of Sentence and remand for resentencing.

Appellant is the former step-grandfather of the victim.[2]  On October 22,

2015, the victim reported to Swarthmore Borough police officers that

Appellant had sexually assaulted him on two occasions between April 1996

---

[1] 18 Pa.C.S. §§ 3123(b) and 3126(a)(7).

[2] Appellant and the victim's grandmother divorced in 2001.

---

\* Former Justice specially assigned to the Superior Court.

and July 2001, while the victim was a child.[3]  The victim, who by the time he reported these incidents was in his early twenties, alleged that Appellant had assaulted him in the victim's family's home in Swarthmore while Appellant and the victim's grandmother were overnight guests.  Based on the victim's report, police arrested Appellant and charged him with the above crimes.

On July 29, 2016, Appellant filed an Omnibus Pretrial Motion to Quash the Bills of Information for failing to specify the dates of the offenses with reasonably sufficient particularity and seeking a competency hearing to consider the victim's tender years at the time of the offenses.  The trial court denied Appellant's Motion.

Following Appellant's three-day jury trial and subsequent conviction, the trial court sentenced Appellant to two consecutive terms of five to 10 years' incarceration, followed by an aggregate probationary period of seven years.  Appellant filed a Post-Sentence Motion, which the trial court denied.

This timely appeal followed.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following eight issues on appeal:

[1.]  Did not the lower court err and abuse its discretion, and violate [Appellant's] Fifth and Fourteenth Amendment rights under the Federal Constitution, and Article I, Section 9 of the Pennsylvania Constitution, by overruling defense objections to the prosecutor's comments in the opening and closing statements that

---

[3] The victim was born in July 1993.  Thus, during the period in which Appellant assaulted him, the victim was between two and seven years old.  Appellant was approximately 68 years old at the time of the crimes and 83 years old at his March 16, 2017 sentencing hearing.

- 2 -

undermined [Appellant's] right not to testify and impermissibly shifted the burden of proof?

[2.] Did not the lower court err and abuse its discretion, and violate [Appellant's] right of confrontation under the Federal and State constitutions, by permitting several witnesses to testify to hearsay statements purportedly corroborating the incidents; and further, did not the lower court err, and abuse its discretion, by allowing a police officer to testify to her opinion about the credibility of the complainant in violation of Pa.R.E. 701?

[3.] Did not the lower court err in refusing to quash the information based on the lack of adequate notice under the State and Federal Constitutions, where the dates of the two criminal incidents was alleged to have been on some unknown date at least fifteen years earlier, within a period of over five years?

[4.] Did not the lower court err in refusing to grant a hearing, to permit [Appellant] to challenge the complainant's competency to communicate, observe[,] remember, and comprehend the duty to speak the truth, at the time of the incidents?

[5.] Did not the lower court err in refusing to declare a mistrial after the Commonwealth presented highly prejudicial evidence that the complainant was treated for anxiety and depression, after defense counsel prejudicially relied upon the Commonwealth's representation that he had never received treatment?

[6.] Did not the cumulative impact of the numerous errors infecting [Appellant's] trial prejudice him, and deny him due process and a fair trial under the Pennsylvania and United States Constitutions?

[7.] Did not the lower court err in failing to afford [Appellant] his right to allocution at his sentencing?

[8.] Did not the lower court impose a manifestly excessive and clearly unreasonable sentence contrary to the norms that underlie the sentencing process and the provisions of 42 Pa.C.S. § 9721(b)?

Appellant's Brief at 6-7.

**Prosecutor's Statements**

In his first issue, Appellant challenges the trial court's decision to overrule his objections to comments the prosecutor made during his opening and closing arguments.

Appellant bases this challenge on three incidents. First, Appellant objected after the prosecutor made the following statement in his opening argument:

> [T]his process is not like what you see on television. This process is not going to be like Law and Order. It's going to take a lot more than one hour to conclude. We're probably going to have starts and stops, unfortunately. I have this old, rickety projector I have to deal with. It's not going to be like the fancy things you see on television. **You're also probably not going to get some teary-eyed confession from [Appellant] on the stand at the end of every episode**. It's going to be a difficult decision that you guys have to weigh. That's the part of Law and Order they never show.

N.T., 10/22/16, at 65-66 (emphasis added). Appellant argued to the court at sidebar that this statement constituted an "allusion to [Appellant] testifying or not testifying or giving a confession" and implied to the jury that Appellant "has to say something or talk." *Id.* at 66-67. The court overruled Appellant's objection and assured counsel that he would give the jury an appropriate instruction. *Id.* at 67.

Appellant next objected to the following statement made by the prosecutor moments later:

> It's going to be a difficult decision. You're going to have to go back there and deliberate. It's not going to be crystal-clear like it is at the end of a television episode. And also, as I was saying,

- 4 -

> it's not going to be like CSI. We're not going to be able to bring in here some guy in a lab coat to show you some scientific test that makes your decision easier. This is a credibility case. I'm not going to lie to you. **This is what a lot of people might go[] around saying is a he said/she said, or in this case, a he said/he said**. It's a credibility case. And by all of that, of course, I don't mean when I said he said/he said, I don't mean that [Appellant] has to testify. Of course he doesn't. He can sit there silent, because the Commonwealth has the burden of proof. The Commonwealth will put forth its evidence, and that evidence will convince you.

*Id.* at 68 (emphasis added). Appellant objected to this statement, arguing that it also alluded to Appellant testifying. *Id.* at 69. The trial court overruled this objection, finding that Commonwealth clearly clarified to the jury that Appellant does not have to testify. *Id.* The Commonwealth then reminded the jury that the jury's job is to determine whether the victim's testimony is credible. *Id.* at 70.

Last, following the Commonwealth's closing argument, Appellant alleged that the prosecutor had engaged in impermissible burden-shifting when he stated that there was "nothing in the evidence" to indicate that the victim was lying or had a motive to lie. N.T., 10/26/16, at 90. Appellant requested a curative instruction to the jury that Appellant had no burden to show that the victim had a motive to lie. *Id.* In response, the court indicated that it would "charge the jury generally that [Appellant] has no burden whatsoever in anything," but that it would not instruct the jury with any more specificity than that. *Id.*

At the conclusion of trial, the judge instructed the jury, *inter alia*, as follows:

- 5 -

> It is not [Appellant's] burden to prove that he is not guilty. Instead, it is the Commonwealth that always has the burden of proving each and every element of the crimes charged, and that [Appellant] is guilty of those crimes beyond a reasonable doubt. A person accused of a crime is not required to present any evidence or to prove anything in his own defense.
>
> ***
>
> You'll [recall] that [Appellant] exercised his constitutional right not to testify in this matter. It is entirely up to the [d]efendant in every criminal trial whether or not to testify. The [d]efendant has an absolute right founded in the constitution to remain silent. You must not draw any inference adverse to the [d]efendant from the fact that he exercised his right to remain silent. Under the law, every [d]efendant is presumed to be innocent and has the right to remain silent.

*Id.* at 93-94, 96.

"Our standard of review for a claim of prosecutorial misconduct is limited to whether the trial court abused its discretion." ***Commonwealth v. Harris***, 884 A.2d 920, 927 (Pa. Super. 2005) (citation and quotation marks omitted).

> In considering this claim, our attention is focused on whether the defendant was deprived of a fair trial, not a perfect one. Not every unwise remark on a prosecutor's part constitutes reversible error. Indeed, the test is a relatively stringent one. Generally speaking, a prosecutor's comments do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward [the defendant] so that they could not weigh the evidence objectively and render a true verdict. Prosecutorial misconduct, however, will not be found where comments . . . were only oratorical flair. In order to evaluate whether comments were improper, we must look to the context in which they were made.

*Id.* at 927 (internal citations omitted). ***See also Commonwealth v. Cash***, 137 A.3d 1262, 1273 (Pa. 2016) (same).

- 6 -

Appellant avers that the prosecutor's comments "wrongly implicated [Appellant's] right to remain silent" and created an expectation that the jury would hear "two sides to this story." Appellant's Brief at 29. He argues that the prosecutor's statements "ensured that once [Appellant] did not present 'his side,' the jury found that he had not rebutted the accusations and was, therefore, guilty." *Id.* at 30. Appellant further claims that, in stating that there was no evidence of the victim's corrupt motive, the Commonwealth impermissibly shifted the burden of proof to Appellant. *Id.* Appellant argues that the court's curative jury instruction, given at the end of trial, was insufficient to ensure that the jury would not consider the prosecutor's comments. *Id.* at 31. In sum, Appellant argues that, notwithstanding the court's instruction to the jury, the Commonwealth's references to Appellant "on the stand," its use of the term "he said/he said," its repeated implication that the jury should expect to hear Appellant testify, and its suggestion that Appellant presented no evidence of the victim's corrupt motive, were not harmless error. *Id.* at 33.

In its Rule 1925(a) Opinion, the trial court explained that it reviewed the prosecutor's opening statement and concluded first that, although the prosecutor "might be guilty of an inartful use of the colloquial 'he said/she said,'" by this statement the prosecutor intended to convey to the jury that only if it found the victim credible could it find Appellant guilty. Trial Ct. Op., 1/17/18, at 27. The court also specifically found that the prosecutor did not intend to reference Appellant's decision not to testify, and its statement did

not shift the burden of proof to Appellant. *Id.* at 28. In evaluating the prosecutor's statement in context, the trial court concluded that both the prosecutor's intent and the effect of his statement was to "impress upon the jury that the evidence that must be considered in this 'real' trial was much different than might be seen in a fictional television trial." *Id.*

With respect to Appellant's objection to the prosecutor's closing statement, the trial court opined that its jury instruction "eliminated any possibility that the prosecutor's comment could jeopardize [Appellant's] rights" as the court "directly, clearly[,] and unequivocally instructed the jury as to the Commonwealth's burden of proof, the presumption of innocence that [Appellant] enjoys, his right to remain silent[,] and the constitutional principle that prohibits the jury from drawing any adverse inference from the fact that [Appellant] exercised his right to remain silent." *Id.* As the court aptly noted, we presume the jury followed the court's instructions. *Commonwealth v. Smith*, 167 A.3d 782, 790 (Pa. Super. 2017).

We agree with the trial court's analysis. Following our review of the prosecutor's statements, and the context in which he made them, as well as the court's instructions to the jury, we find that the trial court properly exercised its discretion in overruling Appellant's objections. Accordingly, Appellant is not entitled to relief on this claim.

**Hearsay**

In his second issue, Appellant claims the trial court erred in allowing the victim's friend, the victim's mother, and Swarthmore Borough Police Officer

- 8 -

Ann Marie Bardo to testify about the victim's revelations of abuse to them over Appellant's hearsay objection. Appellant's Brief at 34.

Our standard of review concerning a challenge to the admissibility of evidence is as follows:

> The admissibility of evidence is a matter for the discretion of the trial court and a ruling thereon will be reversed on appeal only upon a showing that the trial court committed an abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

*Commonwealth v. Johnson*, 42 A.3d 1017, 1027 (Pa. 2012) (citations and quotation marks omitted).

Hearsay is an out-of-court statement offered for the truth of the matter asserted. Pa.R.E. 801(c). It is generally inadmissible unless it falls within one of the exceptions to the hearsay rule delineated in the Rules of Evidence. *Commonwealth v. Busanet*, 54 A.3d 35, 68 (Pa. 2012). "An out-of-court statement is not hearsay when it has a purpose other than to convince the fact finder of the truth of the statement[,]" such as motive or the effect on the listener. *Id. See also* Daniel J. Anders, Ohlbaum on the Pennsylvania Rules of Evidence § 801.11[1] et seq. (2017 ed.).

Lay witnesses may offer an "opinion [that] is limited to one that is [] rationally based on the witness's perception; [] helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

[] not based on scientific, technical, or other specialized knowledge[.]" Pa.R.E. 701.

In particular, Appellant complains that the court erred in permitting the victim's friend to testify that the victim told him that "some fucked up shit happened to me between me and my grandfather . . . in a bedroom." Appellant's Brief at 35. He further complains that the court erred in permitting the victim's mother to testify that the victim told her "I was sexually abused." *Id.* Appellant argues that in admitting this testimony, the court violated his constitutional rights to confrontation and due process. *Id.* He also asserts that the admission of this hearsay testimony "improperly, and serially, bolstered the account of the [victim]." *Id.*

Finally, Appellant baldly claims that Officer Bardo "provided a litany of 'very detailed' hearsay, not only from the [victim], but from [the victim's mother], and that the trial court violated Pa.R.E. 701 when it permitted Officer Bardo to give her opinion as to the detail, specificity, and veracity of the victim's allegations. *Id.*

The Commonwealth argues that the trial court properly admitted the testimony of these three witnesses in response to Appellant's reference in his opening statement to the victim's disclosures. Commonwealth's Brief at 13. The Commonwealth avers that it offered the subject testimony to rebut Appellant's statement that "at the end of this trial . . . none of us are going to know what [the victim's] motivation was to make this story up." *Id.* (quoting N.T., 10/25/16, at 77).

Contrary to Appellant's assertions, the statements to which he lodged objections were not hearsay statements because the Commonwealth did not offer them for the truth of the matter asserted. Rather, the record reflects that the Commonwealth offered this testimony to rebut Appellant's charge that the victim had fabricated the allegations against Appellant. **See Commonwealth v. Bryson**, 860 A.2d 1101, 1104 (Pa. Super. 2004) (explaining that Pa.R.E. 613(c)(1) allows evidence of a witness's prior consistent statement to rebut a charge of "fabrication, bias, improper influence or motive, or faulty memory"). The trial court considered that the statements did not contain details of the assaults, but rather pertained exclusively to the manner in which the victim revealed his sexual abuse. It then properly held that "the circumstances of the [v]ictim's revelations as well as his demeanor" were relevant to the victim's credibility, which Appellant had put at issue from the outset. Trial Ct. Op. at 23. Based on our review of the record and the relevant authority, we agree with the trial court's analysis. The trial court did not abuse its discretion in admitting this testimony. Appellant is, therefore, not entitled to relief on this claim.

## Motion to Quash

In his third issue, Appellant claims the trial court erred in not quashing the Criminal Information, because the "Commonwealth failed to fix with reasonable certainty the date upon which the two incidents [of abuse] occurred." Appellant's Brief at 41-42 (citing **Commonwealth v. Devlin**, 333 A.2d 888 (Pa. 1975)). He avers that this violated his constitutional rights and

violated Pa.R.Crim.P. 560(B)(3). *Id.* He claims that both the five-year period during which the alleged offenses occurred and the "exceedingly long over fifteen-year expanse of pre-accusation delay" were egregious and prejudicial to him. *Id.* at 41-42.

Our standard of review in assessing whether a trial court erred in quashing a criminal information is well settled. We review the trial court's decision to grant or deny a motion to quash a criminal information or indictment for an abuse of discretion. *Commonwealth v. Wyland*, 987 A.2d 802, 804 (Pa. Super. 2010) (citations and quotation marks omitted). We will reverse the trial court's order only where the court has clearly abused its discretion. *Id.*

Although it "is the duty of the prosecution to fix the date when an alleged offense occurred with reasonable certainty . . . the Commonwealth does not always need to prove a single specific date of an alleged crime." *Commonwealth v. Koehler*, 914 A.2d 427, 436 (Pa. Super. 2006) (citations omitted).

With respect to allegations of child sexual abuse, we afford the Commonwealth broad latitude when attempting to ascertain the date of the incidents. *See Commonwealth v. Niemetz*, 422 A.2d 1369, 1373 (Pa. Super. 1980) (concluding that time is not of the essence in matters involving rape, IDSI, indecent assault of children, and corruption of minors); *Commonwealth v. Groff*, 548 A.2d 1237, 1241 (Pa. Super. 1998) (explaining that "the [C]ommonwealth must be allowed a reasonable measure

- 12 -

of flexibility when faced with the special difficulties involved in ascertaining the date of an assault upon a young child," given that when the victim is a young child it can be almost impossible to ascertain the exact date when a crime occurred); *Commonwealth v. G.D.M., Sr.*, 926 A.2d 984, 990 (Pa. Super. 2007) ("Case law has established that the Commonwealth must be afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of conduct.").

Appellant relies on *Devlin*, *supra*, in support of his allegation that the Commonwealth's failure to give him sufficiently specific notice of when the assaults occurred rendered him unable to prepare a defense. In *Devlin*, the Commonwealth charged the defendant with sodomizing a mentally challenged adult who had the mental ability of a first- or second-grade child and the emotional stability of an even younger child. The Commonwealth alleged that the crime occurred at some unspecified time during a 14-month period. The defendant argued that the Commonwealth's allegation as to the time of the crime was so vague that it precluded him from preparing an effective defense to the charges, and our Supreme Court agreed. Importantly, however, the Supreme Court declined to adopt a *per se* rule concerning the length of the time-period in which the Commonwealth must establish that the defendant had committed the crime. *Devlin*, 333 A.2d at 892. The Court emphasized that a case-by-case inquiry, which considered the nature of the crime and the age of the victim, was appropriate, and the Commonwealth must only fix the date of the offense "with reasonable certainty." *Id.* at 890-92.

In this case, the trial court considered the facts and the controlling authority and concluded that the Commonwealth had fixed the time frame of the charged offenses with "reasonable certainty" considering the age of the victim at the time of the alleged crimes. The court observed:

> The Commonwealth's inability to identify with more specificity the dates on which these assaults occurred did not deprive [Appellant] of adequate notice in this case. While [Appellant] has alleged a deprivation of his right to prepare a defense generally, he has not specified in what ways his defense was hampered. The [v]ictim was a very young boy. Although he could remember vividly details of the assault[,] he could not attach an exact age or date, except that he knew the incidents occurred around the time that he was in kindergarten or early elementary school. He clearly knew that they occurred in the house on University Place. Testimony from his mother confirmed that the family lived there from 1996 to 2001. The date of the offense is not an element of the offenses charged. [ ] During the period in question [Appellant] frequently visited the [v]ictim's home on holidays and for overnight visits. The assaults occurred during these periodic visits. There is no suggestion that an alibi defense was a possibility give the ongoing familial interactions and the passage of time. These circumstances[,] however[,] do not protect [Appellant] from prosecution, nor should they.

Trial Ct. Op., at 18-19.

Following our review, we conclude that given the nature of the crimes, the age of the victim, and the fact that the date of the offense is not an element of the charged crimes, we conclude that the trial court did not abuse its discretion in finding that the Commonwealth gave adequate notice to Appellant of the dates of the offenses. Appellant's claim that the court improperly denied his Motion to Quash, thus, fails.

**Failure to Hold a Competency Hearing**

In his fourth issue, Appellant claims that the trial court erred in denying his request for a hearing to determine the victim's retrospective competency to observe and remember the assaults at the time they occurred. Appellant's Brief at 47-49. Appellant concedes that there is no "Pennsylvania Supreme Court precedent addressing the issue of a retrospective competency determination" in the context of a competent adult reporting and testifying about his victimization as a child. *Id.* at 48. Rather, Appellant alleges that because he could have challenged the minor-victim's competency at the time of the offenses if he had reported them contemporaneously, he is similarly entitled to challenge the victim's competency at the time of the offenses. *Id.* Thus, Appellant concludes that "a retroactive competency hearing was required." *Id.*

Appellant avers that Pa.R.E. 601(a)(1) entitles him to "develop and present such evidence to determine if a young child was competent at the time of the event." *Id.*

Pennsylvania Rule of Evidence 601 does not, however, include a subsection (a)(1). Pa.R.E. 601(a) provides that "[e]very person is competent to be a witness except as otherwise provided by statute or in these rules." Pa.R.E. 601(a). Pa.R.E. 601(b)(1) provides exceptions to the general rule that every person is presumed competent. Pa.R.E. 601(b)(1)-(4).

Generally, we presume that an adult witness is competent to testify, and the burden falls on the objecting party to demonstrate that a witness is incompetent. ***Commonwealth v. Walter****,* 93 A.3d 442, 451 (Pa. 2014). However, in ***Commonwealth v. Smith***, 167 A.3d 782 (Pa. Super. 2007), this Court noted that "the presumption [of competency] does not arise where a child witness is under age [14]." ***Smith***, 167 A.3d at 789.

Here, the victim was an adult when he testified at Appellant's trial. Thus, the law presumes that he was competent to testify. Appellant did not present evidence to rebut that presumption. Thus, we discern no error in the trial court's denial of a competency hearing based on its conclusion that "the [23-]year old victim's ability to recall correctly and to remember the events in question does not raise a question of competency." Trial Ct. Op. at 14.

**Denial of Request for a Mistrial**

In his fifth issue, Appellant claims the trial court erred when it refused to declare a mistrial after the Commonwealth presented evidence that the victim had received treatment for anxiety and depression. Appellant's Brief at 50-51. He argues that the Commonwealth had previously represented that the victim had not received treatment for those conditions, so that when the Commonwealth later elicited testimony that the victim suffered from depression and anxiety, Appellant was unfairly surprised and prejudiced.[4] ***Id.***

_____

[4] Appellant avers he suffered prejudice because defense counsel had argued in his opening statement that the victim had a "lack of treatment for any

- 16 -

at 52. Appellant concedes that the Commonwealth was not required to disclose that the victim had received treatment for anxiety and depression. *Id.* He argues, however, that pursuant to Pa.R.Crim.P. 573(D),[5] once the Commonwealth learned that the victim had received such treatment, the Commonwealth had a duty to disclose it. *Id.* The Commonwealth maintains that it was not aware that the victim had received treatment for anxiety and depression before the victim disclosed it at trial, and, thus, it could not have produced this information to Appellant in discovery. Commonwealth's Brief at 24-25.

Our standard of review with regard to denial of motion for mistrial is as follows:

> A motion for a mistrial is within the discretion of the trial court. A mistrial upon motion of one of the parties is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial. It is within the trial court's discretion to determine whether a defendant was prejudiced by the incident that is the basis of a motion for a mistrial. On appeal, our standard of review is whether the trial court abused that discretion.

*Commonwealth v. Akbar*, 91 A.3d 227, 236 (Pa. Super. 2014) (citation omitted).

The victim testified at trial that he confided in his friend that when he was in tenth grade he was "suffering from a lot of depression and anxiety."

_____

distress of symptoms related to childhood sexual abuse." Appellant's Brief at 50. Thus, the victim's testimony "eviscerated" Appellant's defense. *Id.*

[5] Pa.R.Crim.P. 573(D) provides that a party has a continuing duty prior to and during trial to disclose additional evidence or material previously requested in discovery. Pa.R.Crim.P. 573(D).

- 17 -

N.T., 10/25/19, at 100, 103. The victim also testified that he had told his mother about his anxiety and saw his pediatrician for treatment. Appellant's counsel objected to this testimony because the Commonwealth had not provided him with the victim's mental health treatment records and the victim was not qualified to give an expert opinion. *Id.* at 101. The court overruled Appellant's objection, whereupon Appellant moved for a mistrial. The Commonwealth represented that it was not aware of any existing mental health treatment records. The court took the motion under advisement, and permitted Appellant to put the fact that no records of mental health treatment existed on the record. *Id.* at 105.

During cross-examination, Appellant's counsel questioned the victim about the anxiety and depression that he claimed to have suffered. The victim testified that he did not remember telling the Commonwealth about it prior to trial.

The trial court found credible the victim's testimony that he had not previously informed the Commonwealth that he had sought treatment for anxiety and depression. Therefore, the trial court concluded that the Commonwealth did not commit a discovery violation, and denied Appellant's Motion for a Mistrial.

Following our review of the record, we find that the trial court properly exercised its discretion in denying Appellant's Motion. This claim, therefore, does not garner Appellant relief.

**Cumulative Impact of Errors**

In his sixth issue, Appellant claims that he has been prejudiced and denied his due process rights owing to the cumulative impact of the numerous errors alleged **supra**. Appellant's Brief at 55. Appellant has failed to support this claim with citation to any relevant case law. Accordingly, we find this issue waived. **See** Pa.R.A.P. 2119(a); **Commonwealth v. Perez**, 93 A.3d 829, 838 (Pa. 2014) (claims failing to advance developed argument or citation to supporting authorities and record are waived).

Moreover, even if Appellant had not waived this claim, he would not be entitled to relief. It is well-settled that "where a claimant has failed to prove prejudice as the result of any individual errors, he cannot prevail on a cumulative effect claim unless he demonstrates how the particular cumulation requires a different analysis." **Commonwealth v. Wright**, 961 A.2d 119, 158 (Pa. 2008). Appellant has failed to do so here.

**Right to Allocute**

In his seventh issue, Appellant contends that we should remand this case for resentencing because the trial court erred in sentencing Appellant before offering him an opportunity to address the court. Appellant's Brief at 56. We are constrained to agree.

Pa.R.Crim.P. 704(C)(1) provides, in relevant part, that "[a]t the time of sentencing, the judge shall afford the defendant the opportunity to make a statement[.]" Pa.R.Crim.P. 704(C)(1); **see also** 42 Pa.C.S. § 9752 (providing

that the court shall "[a]fford to the defendant the right to make a statement."); **Commonwealth v. Hardy**, 99 A.3d 577, 580 (Pa. Super. 2014) (the trial court's failure to inform the defendant of his right to allocution and to afford an opportunity for allocution prior to imposing sentence is reversible error).

"What effect the exercise of the right of allocution might have on the subjective process of sentencing can never be known with such certainty that a reviewing court can conclude there was no prejudice in its absence." **Commonwealth v. Thomas**, 553 A.2d 918, 919 (Pa. 2003). "The significance of allocution lies in its potential to sway the court toward leniency prior to imposition of sentence. Permitting the defendant to speak after sentence has been imposed fails to meet the essence of the right of allocution." **Commonwealth v. Hague**, 840 A.2d 1018, 1020 (Pa. Super. 2003).

In the instant case, the court sentenced Appellant prior to offering him the opportunity to make a statement. Upon being informed of the oversight, the court both provided Appellant with the opportunity to make a statement to the court—and Appellant availed himself of the opportunity—and informed Appellant that the court would consider Appellant's statement and "make any changes I feel might be necessary as a result thereof." N.T., 3/26/17, at 78.

Notwithstanding the trial court's attempts to cure its failure to notify Appellant of his right to allocute prior to sentencing, our case law is clear that

this failure constituted reversible error. We, therefore, vacate Appellant's sentence and remand for resentencing.[6]

Convictions affirmed. Judgment of Sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Ott joins the memorandum.

President Judge Emeritus Stevens files a Concurring and Dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/19

---

[6] In light of our disposition of this issue, we need not address Appellant's final claim in which he challenges the discretionary aspects of his sentence.