J-S07013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HASSAN WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1214 EDA 2022 |

Appeal from the PCRA Order Entered April 22, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010937-2007

BEFORE:  DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                          **FILED MAY 04, 2023**

Appellant, Hassan Williams, appeals *pro se* from the April 22, 2022 order entered in the Philadelphia County Court of Common Pleas dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely.  Because Appellant's PCRA Petition was patently untimely and Appellant has failed to plead and prove an exception to the PCRA time bar, we affirm the PCRA court's dismissal.

The relevant facts and procedural history are as follows.  On February 23, 2009, the trial court sentenced Appellant to life without parole, plus a consecutive 10 to 20 years of imprisonment following his jury conviction of first-degree murder, robbery, possession of an instrument of crime, and conspiracy.

On April 1, 2011, this Court affirmed Appellant's judgment of sentence. ***Commonwealth v. Williams***, 29 A.3d 821 (Pa. Super. 2011) (unpublished

memorandum).  On August 30, 2011, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.  ***Commonwealth v. Williams***, 27 A.3d 225 (Pa. 2011).  Appellant did not seek further review of his judgment of sentence, which, thus, became final on November 28, 2011.  ***See*** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13 (petition for writ of *certiorari* must be filed within 90 days of final judgment).

On January 20, 2012, Appellant filed a PCRA Petition in which he raised, *inter alia*, several unsuccessful claims of ineffective assistance of trial counsel.

On June 13, 2019, Appellant *pro se* filed the instant Petition, his second, asserting that the trial court erred in refusing to grant a mistrial after a Commonwealth witness referred to Appellant's post-arrest silence.  Appellant subsequently filed four supplemental PCRA petitions, in which he raised claims that: (1) trial counsel had been ineffective for not challenging witness testimony identifying Appellant as the perpetrator of the underlying crime;[1] (2) the trial court should have suppressed an incriminating statement he made to police "as the product of unnecessary delay between arrest and arraignment";[2] and (3) the trial court erred in allowing the jury to hear a recording of the victim's 911 call.

On February 18, 2022, the PCRA court issued a Pa.R.Crim.P. 907 Notice of the court's intent to dismiss Appellant's PCRA Petition without a hearing as

---

[1] Appellant raised this claim in two supplemental PCRA Petitions.

[2] "Brief in Support of the Existing P.C.R.A. Supplement of Pleading to Enjoin Additional Claim," 5/6/21, at 2.

untimely. Appellant responded, *inter alia*, that "[a]ll of the issues raised . . . are clearly meritorious" and that he timely filed his petition.[3] On April 22, 2022, the PCRA court issued an order dismissing Appellant's PCRA Petition as untimely. This timely *pro se* appeal followed.[4]

Appellant raises the following issues for our review:

I.      Was [] Appellant's PCRA timely filed and did the PCRA court err when it chose not to consider the Petition as such?

II.     Did the PCRA court err in refusing to consider the meritorious claim of the [t]rial [c]ourt erring in refusing to grant a mistrial after the Commonwealth questioned Detective Hagan about [] Appellant's post-arrest silence?

III.    Did the PCRA court err when it failed to consider the meritorious claim of Appellant's coerced confession should have been suppressed prior to trial?

IV.     Did the PCRA court err when it chose not to consider the meritorious claim of trial counsel being ineffective for failing to challenge the identification testimony of the Commonwealth's main witness?

Appellant's Brief at 8.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This

---

[3] Response to Rule 907 Notice, 2/25/22, at 1-2 (unpaginated). Appellant did not support his bald claim that he timely filed this PCRA petition by invoking any of the exceptions to the PCRA's jurisdictional time-bar.

[4] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement. However, on May 3, 2022, the PCRA court issued an opinion in which it explained that it dismissed Appellant's PCRA Petition because it was untimely and Appellant had failed to plead and prove any of the exceptions to the PCRA's time bar.

Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." ***Commonwealth v. Smith***, 167 A.3d 782, 787 (Pa. Super. 2017).

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849, 853 (Pa. Super. 2016). A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). Appellant's Petition, filed nearly eight years after his judgment of sentence became final, is facially untimely. However, Pennsylvania courts may consider an untimely PCRA petition if an appellant pleads and proves one of the three exceptions set forth in Section 9545(b)(1) within one year of the date the claim could have been presented. 42 Pa.C.S §§ 9545(b)(1)(i-iii),(b)(2).

Our review of Appellant's *pro se* PCRA Petition and the supplements he filed thereto reveal that he utterly failed to plead, let alone prove, the applicability of any of the PCRA's timeliness exceptions. Therefore, this Court, like the PCRA court, is without jurisdiction to consider the merits of this appeal. We, thus, affirm the PCRA court's order dismissing Appellant's petition.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/4/2023*