J-S16006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VICTOR SIMMONS | : | |
| | : | |
| Appellant | : | No. 1797 EDA 2022 |

Appeal from the PCRA Order Entered June 21, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0007266-2016

BEFORE:  DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                      **FILED MAY 30, 2023**

Appellant, Victor Simmons, appeals *pro se* from the June 21, 2022 order entered in the Delaware County Court of Common Pleas denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  After careful review, we affirm.[1]

The relevant facts and procedural history are as follows.  On November 10, 2016, the Commonwealth charged Appellant with one count each of Robbery—Threatening Immediate Serious Injury, Possession of an Instrument of Crime, Terroristic Threats, Theft by Unlawful Taking, Harassment,

_____

[1] In light of our disposition, we deny Appellant's February 24, 2023 "Motion for Relief to Preserve Discovered Facts," March 13, 2023 "Motion for Relief to Add Newly Discovered Facts to this Appeal," April 27, 2023 "Motion for Relief," May 2, 2023 "Motion of Relief to Add Ineffective Assistance from Newly Discovered Fact from Sentencing 9714 D Violation," and May 17, 2023 "Motion of Relief to Disqualify Prior Record Based on Gideon v. Wainwright Violation."

Disorderly Conduct, and Receiving Stolen Property in connection with his robbery of a Wells Fargo Bank in Lansdowne, Delaware County.

Appellant waived his preliminary hearing and his jury trial commenced on January 8, 2019.

Immediately prior to the commencement of jury selection, Appellant informed the court that he wished to represent himself and completed a colloquy and waiver of counsel to that effect.[2]  The court ordered Appellant's appointed counsel, Robert A. Turco, Esquire, to act as stand-by counsel. Appellant proceeded to conduct jury selection, after which he withdrew his request to represent himself and the court ordered Attorney Turco to represent Appellant for the remainder of trial.[3]  Following the three-day trial, the jury convicted Appellant of one count of Robbery—Threatening Serious Bodily Injury with respect to one victim, James Carr.

On March 4, 2019, the trial court sentenced Appellant to a mandatory minimum sentence of 10 to 20 years of incarceration.[4]  On July 31, 2020, this Court affirmed Appellant's judgment of sentence,[5] and on May 10, 2021, the

_____

[2] N.T. Trial, 1/8/19, at 12-30.

[3] N.T. Trial, 1/9/19, at 8.

[4] The court imposed a mandatory minimum sentence pursuant to 42 Pa.C.S. § 9714 because Appellant had a prior conviction of a crime of violence.

[5] Relevant to the instant appeal, we affirmed Appellant's judgment after finding meritless his claims that: (1) he was prejudiced when the trial court permitted the Commonwealth to amend the criminal information to add the

*(Footnote Continued Next Page)*

Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Simmons*, No. 800 EDA 2019, 2020 WL 4383666 (Pa Super. filed July 31, 2020) (non-precedential decision), *appeal denied*, 253 A.3d 216 (Pa. 2021). Appellant did not seek further review of his judgment of sentence.

On June 8, 2021, Appellant *pro se* filed the instant PCRA petition raising claims pertaining to his preliminary hearing waiver, alleged defects in, and the Commonwealth's amendment of, the criminal information, and his counsel's alleged ineffectiveness, including, *inter alia*, counsel's failure to file a motion to restore Appellant's right to a preliminary hearing.[6] On June 23, 2021, August 12, 2021, and August 13, 2021, Appellant filed a "PCRA Supplementary Amendment," an "Amended Motion for Relief under the

_____

victim's name or to conform to the evidence; (2) the trial court abused its discretion permitting the amendments; (3) he did not knowingly and voluntarily waive his preliminary hearing; and (4) his sentence of 10 to 20 years of incarceration, based on his status as a second strike offender, is illegal. *Commonwealth v. Simmons*, No. 800 EDA 2019, 2020 WL 4383666 at *1 (Pa. Super. filed July 31, 2020) (non-precedential decision).

[6] Because this was Appellant's first PCRA petition, the PCRA court appointed counsel. However, shortly thereafter, Appellant *pro se* filed a motion to proceed *pro se* and for a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). On August 3, 2021, the PCRA court held a hearing after which it granted Appellant's motion to proceed *pro* se. *See* N.T., 8/3/21, at 6.

[PCRA]," and a "Supplemental Amend[ed] Motion for Relief Under [the PCRA,]" respectively.[7]

On October 5, 2021, the PCRA court issued a notice of intent to dismiss Appellant's PCRA petition as meritless without a hearing pursuant to Pa.R.Crim.P. 907. On October 22, 2021, Appellant filed a response to the court's Rule 907 notice.

On June 21, 2022, the PCRA court dismissed Appellant's petition as meritless. This timely *pro se* appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In his *pro se* brief, Appellant raises the following issues for our review:

1. Did the Commonwealth violate [] Appellant[']s right to due process by breaching the negotiated waiver of [] Appellant[']s preliminary hearing and changing the description of the robbery charge from a threatens immediate bodily injury to one that threatens serious bodily injury[?]

2. Did the Commonwealth breach the terms of the negotiated waiver and violate [] Appellant[']s right to due process by adding James Carr to the robbery count after the negotiated waiver of the preliminary hearing[?]

3. Is the sentence illegal, the trial court did not have before it the allege[d] prior conviction or provide the record with the allege[d] prior conviction as required by [42 Pa.C.S. §] 9714[(d)?]

---

[7] Appellant also filed on August 13, 2021, a "Motion to Except Amendments and Supplemental Amendment that were Filed." Although the court did not expressly grant Appellant's request for leave to file any amended petitions, in its Pa.R.Crim.P. 907 notice, the PCRA court indicated that it considered the three above-listed amendments prior to determining that Appellant's claims lacked merit.

4. Was counsel ineffective for not objecting to the incorrect instruction by the trial court reg[]arding the victims on the single count of robbery and for counsel providing erroneous information in his closing argument to the jury reg[]arding the victims on the single count of robbery[?]

5. Was counsel ineffective for not enforcing the negotiated agreement from the preliminary hearing or filing a petition to have [] Appellant[']s preliminary rights restored[?]

6. Was trial counsel ineffective for not having the jur[]or number 8 removed or requesting a mistrial, the jur[]or was seen at the bank moments before the robbery on the security video the Commonwealth presented for trial[?]

7. Did the PCRA court err[] in law and abuse his discretion when he denied [] Appellant[']s PCRA [petition] because he thought that [] Appellant had represented himself at trial and [] Appellant has shown that he rescinded his desire to proceed *pro se* before the trial started[?]

Appellant's Brief at 13-14 (unpaginated).[8]

**A.**

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are

---

[8] Although Appellant has included 7 issues in his statement of questions, our review of his *pro se* Brief indicates that it does not include any argument corresponding with his sixth and seventh issues in violation of Pa.R.A.P. 2119(a) (requiring that "[t]he argument shall be divided into as many parts as there are questions to be argued."). Accordingly, we will not consider Appellant's sixth and seventh issues. Furthermore, Appellant's Brief includes a section of argument concerning the constitutionality of 18 Pa.C.S. § 3701(a)(ii); however, Appellant did not include this issue in his statement of questions involved in violation of Pa.R.A.P. 2116(a) (explaining that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). We, likewise, will not consider this argument.

supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." ***Commonwealth v. Smith***, 167 A.3d 782, 787 (Pa. Super. 2017).

To be eligible for relief under the PCRA, a petitioner must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2): a constitutional violation; ineffective assistance of counsel; an unlawfully induced plea; improper obstruction by governmental officials; a case where exculpatory evidence has been discovered; an illegal sentence has been imposed; or the tribunal conducting the proceeding lacked jurisdiction. ***See*** 42 Pa.C.S. §§ 9543(a)(2)(i)-(viii). In addition, a petitioner must establish that the issues raised in the PCRA petition have not been previously litigated or waived, and that "the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." ***Id.*** at § 9543(a)(3), (a)(4). ***See also id.*** at § 9544 (relating to previous litigation and waiver).

**B.**

In his first two issues, Appellant asserts that the Commonwealth violated the terms of his negotiated waiver of his preliminary hearing and his due process rights by amending the criminal information to include the appropriate subsection of robbery and the victim's name. Appellant's Brief at 16-18, 57 (unpaginated).

In its opinion, the PCRA court explained that Appellant previously litigated both of these issues. *See* PCRA Ct. Op, 11/15/22, at 4 (noting that Appellant raised issues on direct appeal challenging the Commonwealth's amendment of the criminal information and the Commonwealth's alleged "breach of terms of agreement"). Following our review of the certified record, we agree. As noted above, a prior panel of this court affirmed Appellant's judgment of sentence after concluding, *inter alia*, that the Commonwealth's amendment of the criminal information to add the victim's name and change the robbery subsection to conform to the evidence did not prejudice Appellant. *Simmons*, 2020 WL 4383666 at *1. Because Appellant previously litigated these issues, the record supports the trial court's conclusion that Appellant is not entitled to relief on these claims.

In his third issue, Appellant claims that his mandatory minimum sentence is illegal because the trial court did not have proof at sentencing that Appellant had committed a prior crime of violence. Appellant's Brief at 80 (unpaginated). Appellant also raised this issue on direct appeal, and this Court found that it lacked merit. *See id.* at *2 ("Appellant's sentence of 120 to 240 months' imprisonment, based on his status as a second-strike offender, is not illegal.").[9] He is, likewise, ineligible for relief on this claim.

_____

[9] Moreover, even if Appellant had not previously litigated this issue, it would fail. The Notes of Testimony from Appellant's sentencing hearing reflect that the Commonwealth provided a copy of the certified conviction which constituted Appellant's first crime of violence to the court, stating "this is a
*(Footnote Continued Next Page)*

- 7 -

**C.**

In his fourth issue, Appellant asserts that his counsel was ineffective for not objecting when the trial court provided the jury with an allegedly erroneous instruction. Appellant's Brief at 49 (unpaginated). Appellant claims that the court's instruction was erroneous because "there were 2 victims on this single count of robbery and the [t]rial [c]ourt should have explained to the jury that in[]order to be guilty of this crime [Appellant] would have had to have threatened both victims [in] the same manner." *Id.* Appellant avers that counsel was also ineffective for repeating this error in his closing argument when he stated that the jury "need[s] to make sure that you believe he put these people or one of these people in fear of [s]erious [b]odily [i]njury." *Id.* Appellant baldly claims that these alleged errors have arguable merit, that counsel had no reasonable basis for his conduct, and that had these errors not occurred the jury would not have convicted him. *Id.* He asserts that he was prejudiced by the "wrong instruction" and the "wrong closing argument" because it confused the jury and led to his conviction "based on this misinformation." *Id.* at 49-50

---

certified criminal history from Allentown, from Lehigh County and this is just confirming that [Appellant] was previously convicted of a qualifying crime of violence. The original signatures and seals are on this document. Defense does have a copy." N.T., 3/4/19, at 4-5. Furthermore, the sentencing court also noted that Appellant's pre-sentence investigation report reflected a prior conviction of a crime of violence. It is, thus, evident from the record that the trial court had a copy of Appellant's prior conviction at the time of sentencing.

Preliminarily, we observe that counsel is presumed to be effective and the petitioner bears the burden of proving otherwise. ***Commonwealth v. Johnson***, 236 A.3d 63, 68 (Pa. Super. 2020) (*en banc*). To do so, he must establish the following three elements:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

***Id.*** Failure to prove any of the three elements will result in dismissal of the ineffectiveness claim. ***Id.*** In addition, "counsel cannot be deemed ineffective for failing to raise a meritless issue." ***Commonwealth v. Wilson***, 861 A.2d 919, 932 (Pa. 2004).

Here the trial court instructed the jury on the offense of Robbery—Threatens Serious Bodily Injury, in relevant part, as follows:

> To find [Appellant] guilty of this [offense], you must find that the following two elements have been proven beyond a reasonable doubt. First that [Appellant] threatened the victim with serious bodily injury of intentionally put the victim in fear of immediate serious bodily injury. Second that [Appellant] did this during the course of committing a theft.

N.T., 1/9/19, at 212.

This instruction comports with the Pennsylvania Suggested Standard Criminal Jury Instruction for this offense. ***See*** Pa.S.S.J.I.(Crim). 15.3701A (2019). Because the trial court provided an accurate charge, any objection to it by Appellant's counsel would have been meritless. Accordingly, the record

supports the PCRA court's conclusion that counsel was not ineffective for not objecting to the court's accurate instruction to the jury.

We further agree with the PCRA court that trial counsel was not ineffective when he stated in his closing argument that the jury needed to find that Appellant put at least one of the victims in fear of serious bodily injury in order to convict Appellant of that offense. This was an accurate statement of law and Appellant has, thus, failed to prove that this ineffective assistance of counsel claim has merit.

In his final issue, Appellant claims that the PCRA court erred in finding that his counsel was not ineffective for failing to file a motion to enforce the "negotiated agreement from [] Appellant's preliminary hearing" or to restore Appellant's preliminary hearing rights. Appellant's Brief at 32-34.

The certified record indicates that, at the preliminary hearing the Commonwealth explained to the court that it had agreed to withdraw the Receiving Stolen Property charge and Appellant had agreed to waive his right to the preliminary hearing "in a non-trial disposition." N.T., 11/17/16, at 3. At that time, Appellant admitted that he "did the crime." *Id.* at 6. Subsequently, however, Appellant elected to proceed to trial on the charges, which, notably, did not include the Receiving Stolen Property charge the Commonwealth had withdrawn. Accordingly, there is no basis for Appellant's assertion that the Commonwealth violated the terms of the "negotiated agreement." Thus, any motion that counsel would have filed to enforce the "negotiated agreement" would have lacked merit. We, therefore, agree with

- 10 -

the PCRA court that counsel was not ineffective for failing to file a motion to enforce the "negotiated agreement."

With respect to Appellant's claim that his counsel was ineffective for failing to file a motion to restore his right to a preliminary hearing, we observe that, on direct appeal, a panel of this Court affirmed the trial court's finding that Appellant had knowingly and voluntarily waived his right to the preliminary hearing. **Simmons**, 2020 WL 4383666 at *2. Moreover, beyond baldly claiming that counsel's conduct prejudiced him, Appellant has not demonstrated that had a preliminary hearing occurred, this case would have likely had a different outcome. This claim, therefore, also lacks merit.

**D.**

In sum, we conclude that the trial court did not abuse its discretion in finding that Appellant had either previously litigated the claims raised in his PCRA petition or that they lacked merit. Accordingly, we affirm the PCRA court's order dismissing Appellant PCRA petition as meritless.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/30/2023

- 11 -