J-S20007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE VINCENT KUBIS | : | |
| | : | |
| Appellant | : | No. 2945 EDA 2022 |

Appeal from the Order Entered October 4, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0008943-2007

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 27, 2023**

Appellant *pro se* appeals from the October 4, 2022[1] order which dismissed as untimely his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  Because Appellant fails to plead

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant's notice of appeal purports to appeal from a September 21, 2022 order, which the PCRA court subsequently vacated on September 29, 2022. This Court issued a rule to show cause why the appeal should not be dismissed as moot.  Appellant responded that the reference to the September 21, 2022 order was in error, and that he intended to appeal from the October 4, 2022 order dismissing his petition.  We conclude that Appellant's designation of the wrong date on his notice of appeal does not affect the validity of the appeal. ***See*** Pa.R.A.P. 902 (providing "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal[.]").  Appellant timely filed the instant appeal and, therefore, we decline to quash it and, instead, have corrected the caption to reflect the correct order date.

and prove an exception to the PCRA time-bar, we affirm the PCRA court's dismissal.

On March 10, 2008, a jury convicted Appellant of four counts of Robbery and related offenses for robbing the owner of a hair salon at knifepoint after the Commonwealth presented, *inter alia*, the victim's unequivocal testimony identifying Appellant as his assailant. On May 12, 2008, the trial court sentenced Appellant to an aggregate term of 25 to 50 years' incarceration. On July 21, 2009, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Kubis*, 978 A.2d 391 (Pa. Super. 2009) (unpublished memorandum). Appellant did not file seek further review of his judgment of sentence.

Instead, Appellant filed a timely *pro se* PCRA petition and a counseled Amended PCRA Petition asserting, *inter alia*, that the Commonwealth failed to provide Appellant with a computer-generated composite sketch generated by police investigators using the FACES software ("FACES Image").[2] This Court affirmed the PCRA court's denial of Appellant's petition, concluding that Appellant learned about the FACES Image during the suppression hearing and "failed to exercise reasonable diligence to obtain the image from the

---

[2] Appellant had filed pre-trial motions seeking suppression of, among other things, the victim's identification of Appellant from a line-up. During the suppression hearing a police detective testified that investigators had created a FACES Image during investigation, but the image was abandoned and never used because the police discovered that the computer program was limited and was not able to accurately depict the description of the assailant provided by the victim and other eyewitnesses. This FACES Image was not presented at trial.

Commonwealth." ***Commonwealth v. Kubis***, No. 3347 EDA 2013, 2014 WL 10889657 at *4 (Pa. Super. filed Aug. 12, 2014) (non-precedential decision). We further concluded, "the [FACES Image] was not a picture of the perpetrator as described by the victim, was never seen by the victim, and was never adopted by the victim as resembling the perpetrator. Therefore, the image itself was not material to [Appellant]'s guilt or even an identification of [Appellant]." ***Id.*** at *5.

On March 30, 2015, Appellant filed a second *pro se* PCRA petition, once again raising an issue concerning the FACES Image, asserting that he contacted the proprietor of the technology company that developed the FACES computer program and learned information that conflicted with prior testimony about the program's operability. The PCRA court dismissed Appellant's petition as untimely without a hearing, and this Court affirmed that decision, concluding that Appellant failed to overcome the PCRA time-bar. ***Commonwealth v. Kubis***, No. 482 EDA 2017, WL 6014942 at *4 (Pa. filed Dec. 4, 2017) (non-precedential decision).

On August 15, 2022, Appellant *pro se* filed the instant PCRA petition, his third, focused again on the FACES Image. Appellant acknowledged that his petition was untimely but invoked the governmental interference and newly discovered facts exceptions to the PCRA's jurisdictional time-bar. ***See*** 42 Pa.C.S. 9545(b)(1)(i), (ii). Although difficult to decipher, in his petition Appellant essentially averred that in April 2020 he discovered a 2020 Harvard Law Review article that discusses the features of the 4.0 version of the FACES

program and how it has helped various law enforcement agencies over the past 10 years, as well as won awards. PCRA Petition, 8/15/22, at 11-12. Appellant further averred, based on the law review article and the current FACES website, that the Commonwealth fabricated evidence and presented false testimony in previous proceedings regarding the FACES program. *Id.* at 11-13.

On November 1, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice to dismiss Appellant's PCRA petition without a hearing. After considering Appellant's response, the PCRA court dismissed the petition as untimely.

This *pro se* appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> Did the PCRA court err as a matter of law and abuse its discretion when denying/dismissing petitioner[']s well plead subsequent PCRA which required an evidentiary hearing to set forth the newly discovered fact and permit a demonstration of the evidence which serves to present the court/record with evidence of wide[-]spread government interference with petitioner[']s previous proceedings denying petitioner rights as guaranteed by the Pennsylvania and U.S. Constitutions, depriving petitioner a fair trial, appeal, and PCRA proceedings?

Appellant's Br. at iv. (some capitalization omitted).

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are

supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." ***Commonwealth v. Smith***, 167 A.3d 782, 787 (Pa. Super. 2017)

In order to obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed more than a decade after his judgment of sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).

Here, Appellant attempts to invoke the governmental interference and newly discovered facts exception provided in Section 9545(b)(1)(i) and (ii). The government interference exception requires proof that "the failure to raise the claim previously was the result of interference by government officials[.]" 42 Pa.C.S. § 9545(b)(1)(i). ***See also Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008).

To satisfy the newly discovered facts exception, a petitioner must plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Our Supreme Court has held that this

exception "does not require any merits analysis of the underlying claim." ***Commonwealth v. Bennett***, 930 A.2d 1264, 1271 (Pa. 2007). Rather the exception merely requires the petitioner to plead and prove two elements: "1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence***.*" ***Id.*** at 1272 (internal quotation marks omitted), citing 42 Pa.C.S. § 9545(b)(1)(ii).

Due diligence requires a petitioner to make reasonable efforts to uncover facts that may support a claim for collateral relief. ***Commonwealth v. Brensinger***, 218 A.3d 440, 449 (Pa. Super. 2019). A petitioner must explain why he could not have learned the new facts earlier by exercising due diligence. ***Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa. 2001).

Notably, a petitioner does not satisfy the Section 9545(b)(1)(ii) time-bar exception where he merely alleges a newly discovered or newly willing source for previously known facts. ***Commonwealth v. Marshall***, 947 A.2d 714, 721–22 (Pa. 2008). Our Supreme Court has explained, "[t]he fact [an] appellant discovered yet another conduit for the same claim [] does not transform his latest source into evidence falling within the ambit of [the newly discovered fact exception]." ***Abu-Jamal***, 941 at 1269.

The PCRA court found that Appellant's recycled claims failed to meet the requirements of either the governmental interference or the newly discovered fact exceptions. The PCRA court opined:

> The facts are clear: Appellant raised this claim previously several times, the government did not impede Appellant's acquisition of the sketch, Appellant never requested the

image despite his knowledge of it, the Commonwealth never used it at trial or in the course of the investigation, and the Superior Court agreed the computer-generated image was immaterial to Appellant's conviction. These facts clearly support the notion that Appellant's instant claim does not trigger the governmental interference exception.

Second, Appellant's claims were known to him previously. To circumvent the timeliness requirement by alleging "newly discovered facts," Appellant must show "the facts upon which the claim is predicated were unknown to the defendant and could not have been ascertained by the exercise of due diligence[.]" As outlined above, Appellant's composite sketch claims were known to him beforehand as demonstrated in his previous PCRA Petitions when he raised the same issues.

PCRA Op., 12/16/22, at 7. We agree.

Appellant has raised variations of the same claim in all three of his PCRA petitions and the exhibits attached to his most recent petition are merely another conduit for the same claims. Accordingly, the PCRA court did not abuse its discretion in concluding that Appellant's claims fail to meet either exception to the PCRA's time-bar.

In conclusion, the PCRA court properly dismissed Appellant's petition. Appellant has not pleaded and proved the applicability of the newly discovered fact or the government interference exceptions and, therefore, we are without jurisdiction to consider the merits of this appeal. We, thus, affirm the denial of relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2023