J-S12002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY CAMEROTA | : | |
| | : | |
| Appellant | : | No. 2311 EDA 2023 |

Appeal from the PCRA Order Entered August 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0305521-2006

BEFORE: DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED JUNE 26, 2024**

Appellant, Anthony Camerota, appeals *pro se* from the August 17, 2023 order which dismissed as untimely his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. Because Appellant fails to plead and prove an exception to the PCRA time-bar, we affirm the PCRA court's dismissal.

A detailed recitation of the factual and procedural history is unnecessary to our disposition. Briefly, on June 30, 2008, Appellant, after waiving his right to a jury trial, was tried before the Honorable Renee Cardwell Hughes. Since this was a bench trial, Judge Hughes did not have a jury in which to provide jury instructions.

Judge Hughes found Appellant guilty of First-Degree Murder and related offenses for the shooting death of his friend and roommate, Stephen LaSorsa, and Appellant's subsequent attempt to dispose of the decedent's body by

lighting his corpse and car on fire. On September 15, 2008, Judge Hughes sentenced Appellant to an aggregate term of life imprisonment without the possibility of parole. This Court affirmed Appellant's sentence on December 10, 2009, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on April 27, 2010. ***Commonwealth v. Camerota***, 990 A.2d 38 (Pa. Super. 2009), *appeal denied*, 993 A.2d 899 (Pa. 2010).

On June 7, 2023, Appellant filed the instant *pro se* PCRA petition, his third, invoking the newly discovered fact exception to the PCRA time-bar and cites ***Commonwealth v. Drummond***, 285 A.3d 625 (Pa. 2022), as "new decisional law" that made Appellant aware that Judge Hughes likely applied a diminished reasonable doubt standard of proof during Appellant's non-jury trial. PCRA Pet., 6/7/23, at 3, 9-15. We emphasize that the ***Drummond*** case involved the constitutionality of a jury instruction that Judge Hughes gave in a trial before a jury. On July 5, 2023, the PCRA court filed a Rule 907 notice to dismiss without a hearing.[1] On August 17, 2023, the PCRA court dismissed Appellant's petition as untimely.

Appellant timely appealed. The PCRA court did not order Appellant to file a Rule 1925(b) statement and, on August 29, 2023, the PCRA court filed a Rule 1925(a) opinion.

---

[1] Both Appellant and the PCRA court reference a July 19, 2023 response filed by Appellant. PCRA Ct. Op. at 2, 6; Appellant's Br. at 7. This response does not appear in the certified record nor as an entry on the secure docket sheet. Accordingly, this Court will proceed with analysis without considering the referenced response.

Appellant raises several issues for our review:

[1.] Is Appellant's PCRA timely? Appellant believes he has proven the two required components for the PCRA Court to have jurisdiction over the claim under subsection 9545(b)(1)(ii).

[2.] Is Appellant entitled to post-conviction relief in the form of a new trial or a remand for an evidentiary hearing since Judge Renee Cardwell Hughes (Appellant's Trial Judge) in, **Commonwealth v. Drummond**, 285 A.3d 625, 633 (Pa. 2022), Judge Hughes states, "I find it helpful to think about reasonable doubt in this way", in a way found by the Supreme Court of Pennsylvania to be constitutionally defective as to reasonable doubt, violating Drummond's constitutional rights? Is this admission proof Judge Hughes applies a degree of proof below proof beyond a reasonable doubt, when she sits as sole fact-finder at Appellant's wavier trial?

[3.] Is the standard of proof applied by Judge Hughes at Appellant's wavier trial so diminished that it allowed Judge Hughes to consider evidence, testimony and inferences from, not presented at trial to be used against Appellant in determining the degree of guilt and the subsequent prejudice of a verdict of first degree murder?

Appellant's Br. at 4.

**A.**

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." **Commonwealth v. Smith**, 167 A.3d 782, 787 (Pa. Super. 2017)

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003). In order to obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed more than a decade after his judgment of sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).

Here, Appellant attempts to invoke the newly discovered facts exception provided in Section 9545(b)(1)(ii). To satisfy the newly discovered facts exception, a petitioner must plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Our Supreme Court has held that this exception "does not require any merits analysis of the underlying claim." *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007). Rather the exception merely requires the petitioner to plead and prove two elements: "1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the

exercise of **due diligence***." **Id.** at 1272 (internal quotation marks omitted), citing 42 Pa.C.S. § 9545(b)(1)(ii).

Due diligence requires a petitioner to make reasonable efforts to uncover facts that may support a claim for collateral relief. **Commonwealth v. Brensinger***, 218 A.3d 440, 449 (Pa. Super. 2019)*. A petitioner must explain why he could not have learned the new facts earlier by exercising due diligence. **Commonwealth v. Breakiron**, 781 A.2d 94, 98 (Pa. 2001).

Notably, it is well settled that judicial decisions do not satisfy the newly discovered fact exception to the PCRA time-bar. **Commonwealth v. Reid**, 235 A.3d 1124, 1146 (Pa. 2020). Finally, "[w]hile the law provides that Appellant need not provide a nexus between the newly discovered fact and his conviction, he still must provide a connection between the fact and his underlying claim." **Commonwealth v. Fears**, 250 A.3d 1180, 1189 (Pa. 2021).

**B.**

As stated above, in his PCRA petition, Appellant cited **Drummond** as "new decisional law" that satisfies the newly discovered fact exception to the PCRA time-bar. PCRA Pet., 6/7/23, at 3, 9. In **Drummond**, our Supreme Court addressed a jury instruction that Judge Hughes gave to a jury. The Supreme Court held that Judge Hughes's use of a hypothetical analogizing reasonable doubt to making a decision about a serious surgery for a loved one was reasonably likely to cause the jury to apply a diminished standard of proof. 285 A.3d at 636-37. Appellant observes that his case involves the

same trial court judge and asserts, based on the ruling in **Drummond**, that Judge Hughes applied an unconstitutional standard of proof during Appellant's non-jury trial. PCRA Pet. at 9-15. Appellant argues that when Judge Hughes gave the questionable jury instruction in the **Drummond** case, she stated, "I find it helpful to view reasonable doubt in this way," demonstrating that when she presided over his non-jury trial, she "viewed the law in a way that had a diminished standard of proof, since she said so in open court, with these instructions." PCRA Pet. at 10-13 (citing **Drummond**, 285 A.3d at 631).

Instantly, the PCRA court concluded that Appellant failed to satisfy the newly discovered evidence time-bar exception and, thus, concluded that the court lacked jurisdiction to rule on the merits of the petition. The PCRA court found that Appellant did not plead a newly discovered "fact" because "a judicial opinion does not amount to a new 'fact' under . . . the PCRA." PCRA Ct. Op., 8/17/23, at 5 (citing **Commonwealth v. Reid**, 247 A.3d. at 1148). The Court further opined:

> **Drummond** did not provide for any new constitutional rights. The holding in **Drummond** is a legal conclusion about the jury instruction that Judge Hughes gave in another case, not a factual finding. Neither the **Drummond** decision itself nor the legal conclusions contained therein constitute a new fact which would satisfy the exception. . . .[T]he fact that Judge Hughes stated that, "I find it helpful to think about reasonable doubt in this way" before providing the reasonable doubt jury instruction in **Drummond** does not satisfy the newly-discovered fact exception. [Appellant]'s claim that he is not relying on the holding in **Drummond** as a newly discovered fact is contradicted by his reliance on the **Drummond** decision throughout his petition. [Appellant] is claiming that he is entitled to relief in this case because the Pennsylvania Supreme Court in **Drummond**

- 6 -

determined that there was arguable merit to [the] appellant's claim that a diminished standard of proof was applied due to Judge Hughes' jury instruction. If the Supreme Court had instead determined that there was not arguable merit to this claim, then [Appellant] would not be able to claim he is entitled to relief in this case based on that same standard.

PCRA Ct. Op. at 5-6. We agree that a judicial decision does not satisfy the newly discovered fact exception to the PCRA time-bar and, thus, we are without jurisdiction to entertain the merits of this untimely PCRA petition.

Moreover, Appellant failed to demonstrate a connection between the fact and his underlying claim. There is a distinct difference between Appellant's trial and the trial in the ***Drummond*** case. Appellant's conviction was as a result of a non-jury trial rather than a jury trial. Thus, in Appellant's case, the trial court did not give any jury instructions. It is unreasonable to infer that because the trial court gave an unconstitutional jury instruction during a separate and distinct jury trial that the trial court applied a diminished standard of proof during Appellant's non-jury trial. As the PCRA court opined, "[c]ontrary to Appellant's claim, there is no evidence that Judge Hughes applied a diminished standard of proof at [Appellant]'s trial." PCRA Ct. Op. at 7. Accordingly, Appellant's attempt to overcome the PCRA time-bar fails.

**C.**

In conclusion, the PCRA court properly dismissed Appellant's petition. Appellant has not pleaded and proved the applicability of the newly discovered fact exception and, therefore, we are without jurisdiction to consider the merits of this appeal. We, thus, affirm the denial of relief.

Order affirmed.
Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/26/2024