J-S45028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISABELLA ROSA SOBEJANO | : | |
| | : | |
| Appellant | : | No. 811 MDA 2024 |

Appeal from the PCRA Order Entered May 8, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002306-2021

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: DECEMBER 20, 2024**

Appellant, Isabella Rosa Sobejano, appeals from the May 8, 2024 order entered in the Luzerne County Court of Common Pleas denying her first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S §§ 9541-46, in which she asserted that her plea counsel had been ineffective. After careful review, we affirm.

The relevant facts and procedural history are as follows.  On April 19, 2022, Appellant entered a no-contest plea to one count of Aggravated Assault, a second-degree felony, and one count of Simple Assault, a second-degree misdemeanor.[1]  The trial court conducted a thorough on-the record plea

---

[1] In exchange for Appellant's plea, the Commonwealth withdrew all other charges, including one count of Aggravated Assault graded as a first-degree felony, and agreed to waive Appellant's statutory ineligibility for the Restrictive Probation Program.

colloquy and found that Appellant's plea was knowing, intelligent, and voluntary.

On July 7, 2022, the trial court sentenced Appellant to 12 months of house arrest with electronic monitoring followed by 18 months of probation. The court also ordered that Appellant pay her victim restitution, prohibited her from having contact with him, undergo mental health evaluations, and comply with recommended treatment. Appellant did not file a post-sentence motion or direct appeal.

At the sentencing hearing, Appellant informed the court that her official address was 1 Peachwood Drive, Laflin, PA 18702. However, when Appellant reported to the Luzerne County Adult Probation and Parole office ("Probation Department"), she informed the Probation Department that she resided in Philadelphia.[2] Once the Commonwealth became aware of this discrepancy, it filed, on July 20, 2022, a "Motion to Modify Sentence." In the motion, the Commonwealth notified the court that Appellant was "not in compliance with the [c]ourt's sentence" and had either "lied or misled" it regarding her address. Motion, 7/20/22, at ¶¶ 13, 14. The motion did not request any modification of Appellant's July 7, 2022 judgment of sentence.

On July 25, 2022, following a stipulation by the parties, the trial court entered an order "modifying" Appellant's sentence. The order included a home

---

[2] Philadelphia County does not accept supervision of defendants from other counties of the Commonwealth.

address for Appellant in Montgomery County.[3]  The order stayed commencement of her term of house arrest for 45 days to allow either for: (1) the transfer to and commencement of supervision by the Montgomery County probation department; (2) or, if that did not happen, the commencement of her 12-month term of house arrest in Luzerne County.  The order also stated that no time spent without an electronic monitor would count towards the house arrest portion of Appellant's sentence.  The order did not, however, vacate Appellant's July 7, 2022 judgment of sentence or change any of its terms; it merely addressed which county would supervise Appellant's probation.

On August 21, 2023, Appellant filed the instant PCRA petition alleging that her plea counsel had rendered ineffective assistance and induced her to enter an involuntary no-contest plea.

On April 4, 2024, the Commonwealth filed a brief in opposition to Appellant's request for post-conviction relief, asserting that Appellant's PCRA petition was untimely because she filed it more than one year after her July 7, 2022 judgment of sentence became final.  It acknowledged that it filed a motion to "modify" Appellant's sentence, and that the trial court "granted" the motion, but argued that the order doing so did not vacate the original judgment of sentence or modify any of its terms; rather, the order merely

---

[3] Montgomery County had agreed to accept the supervision of Appellant under its House Arrest Program

clarified Appellant's address and stayed commencement of her term of house arrest for 45 days.

Following a hearing on Appellant's petition, on May 8, 2024, the PCRA court dismissed it as meritless, finding that Appellant voluntarily entered her no-contest plea and that Appellant failed to prove that her "plea was induced by counsel's ineffectiveness." PCRA Ct. Op., 7/25/24, at 12. The PCRA court also found that Appellant's petition was timely because it had modified her judgment of sentence on July 25, 2022, and Appellant had filed her counselled PCRA petition within one year of her judgment of sentence becoming final.

This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

Whether the PCRA [c]ourt erred in finding that Appellant's attorneys did not provide ineffective assistance of counsel and induce her into pleading no contest when they all showed up for trial unprepared and expecting a last minute continuance request to be granted, thereby causing Appellant to plead no contest rather than face the prospect of going to trial in a very serious case with attorneys who were admittedly unprepared and anticipating a continuance.

Appellant's Brief at 4.

## A.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are

supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." ***Commonwealth v. Smith***, 167 A.3d 782, 787 (Pa. Super. 2017).

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003). In order to obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1).

Here, the trial court sentenced Appellant on July 7, 2022. Appellant did not file a post-sentence motion or direct appeal. The PCRA court opined that Appellant's petition was timely because she filed it within one year of its July 25, 2022 order staying the commencement of Appellant's period of probation and correcting Appellant's address. We disagree.

It is clear from our review of the record that the trial court did not vacate Appellant's July 7, 2022 judgment of sentence and replace it with a new sentencing order containing the full terms of Appellant's sentence. Instead, the July 7, 2022 judgment of sentence remained in effect, even after entry of the court's July 25, 2022 order, which merely addressed which county would supervise her probation.

We conclude that Appellant's judgment of sentence, thus, became final on August 8, 2022.[4]   **See** Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3). Appellant's PCRA petition, filed more than one year later, on August 21, 2023, is untimely.[5]

Because Appellant's PCRA petition was untimely, we are without jurisdiction to review it.   We, therefore, affirm, the PCRA court's order dismissing the petition.[6]

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/20/2024

_____

[4] August 6, 2022, the 30th day after entry of Appellant's judgment of sentence, fell on a Saturday.

[5] Although the PCRA sets forth three exceptions to its one-year jurisdictional time bar, **see** 42 Pa.C.S. § 9545(b), Appellant did not plead or prove the applicability of any of them.

[6] We may affirm the PCRA court on any basis supported by the record. **Commonwealth v. Smith**, 194 A.3d 126, 132 (Pa. Super. 2018).